UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04CV-110-EHJ

ELLEN I. GRAY                                                               PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                          DEFENDANT

## MEMORANDUM OPINION

This case is before the Court on review of plaintiff Ellen Gray's objections to Magistrate Judge Goebel's Findings of Fact, Conclusions of Law, and Recommendation that her Social Security applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income payments ("SSI") be denied. After conducting a de novo review of Ms. Gray's specific written objections, the Court adopts the Magistrate's Findings of Fact, Conclusions of Law, and Recommendation, and the Commissioner's determination is affirmed.

Ms. Gray filed her applications for benefits on May 9, 2002 alleging that she became disabled on October 1, 2000 as a result of panic disorder, bipolar disorder, depression, adenomyosis, endometriosis, head injuries, and psoriasis (Tr. 97, 36). After a hearing on September 4, 2003, Administrative Law Judge Anne Pritchett ("ALJ") found that Ms. Gray suffers from depressive and anxiety disorders which are severe mental impairments, but which do not meet or medically equal a listed impairment (Tr. 38). The ALJ found that these conditions only moderately impair Ms. Gray's activities of daily living, and that she retains the residual functional capacity ("RFC") to perform unskilled work in a low stress environment without stringent speed or production requirements, and without frequent shifts in the work setting. She can have occasional contact with supervisors and co-workers, but no contact with the general public (Tr. 41).

Of additional import are the ALJ's findings with regard to the other impairments alleged. Specifically, the ALJ found that neither adenomyosis nor psoriasis are severe impairments, as there was no evidence to indicate that they more than minimally affect Ms. Gray's ability to perform work (Tr. 38). The ALJ also declined to find the diagnosis of bipolar disorder as a medically determinable impairment, as there was no documented evidence of a manic episode as required by the DSM-IV (Tr. 38). The ALJ also found the head injury alleged to be a non-severe impairment as there was no evidence that it caused any limitation lasting at least 12 months (Tr. 38). Consistent with the ALJ's RFC findings, she was found able to return to her past work. Ms. Gray appealed the adverse decision to the Appeals Council, which found no basis for review. Appeal to this Court followed.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir. 1986). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d

106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that this Court addresses and rejects plaintiff's objection that the ALJ improperly discounted the opinion and diagnosis of the treating psychiatrist, Dr. Scott Joseph.

The record contains several treatment notes from Dr. Joseph of River Valley Behavioral Health, which are summarized as follows:

**02/15/2002      Psychiatric Evaluation      10 minute consultation with patient      Tr. 196**

"Mental status exam is normal except for the fact that she is depressed and anxious. She is not suicidal or homicidal. There is [sic] no voices or visions. She is pretty calm in here but she reports the mood swings." Diagnosis: Bipolar Disorder, NOS; Panic Disorder with Agoraphobia

**03/22/2002      Pharmacotherapy      8 minute consultation with patient      Tr. 195**

"Ellen is a little grumpy today because she has not taken her morning medications. Otherwise she is doing much better."

**04/26/2002      Pharmacotherapy      7 minute consultation with patient      Tr. 193**

"She is reporting a lot of subjective memory problems."

**06/21/2002      Pharmacotherapy      9 minute consultation with patient      Tr. 190**

"She is complaining of some problems with irritability and depression and anxiety."

**02/28/2003      Pharmacotherapy      14 minute consultation with patient      Tr. 222**

"Psychiatry-wise doing fine."

**04/25/2003      Pharmacotherapy      11 minute consultation with patient      Tr. 238**

"Mood is better but she is physically drained."

Additionally, on July 31, 2003, Dr. Joseph completed a Medical Source Statement (Tr. 236) in which he expressed work restriction opinions that fall within either the "fair" or "poor" categories, finding the claimant can either perform the activity satisfactorily some of the time, or has no useful ability to function, respectively.

Plaintiff's primary contention is that Dr. Joseph's Medical Source Statement should have been given controlling weight by the ALJ, as the opinions contained therein would require a finding of disability. However, this Court's review of Dr. Joseph's medical records reveals that the work restriction opinions are not well supported by medically acceptable clinical and laboratory diagnostic techniques as required by 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2). In fact, the only reference to objective testing contained in Dr. Joseph's records is in the February 15, 2002 record which notes a relatively normal mental status examination and psychiatric evaluation (Tr. 196). The diagnoses and other treatment regimes reveal Dr. Joseph's pattern of reacting to the claimant's subjective complaints: she complains of being too happy then too low, he diagnoses bipolar disorder, not otherwise specified (Tr. 196); she complains of having a history of head trauma, he prescribes medication to treat her subjective complaints of memory loss (Tr. 193-194); she says she hears things at night, he prescribes anti-hallucinogenic medication (Tr. 195); she complains of continued anxiety, he increases her Xanax prescription (Tr. 222).

Furthermore, the opinions expressed by Dr. Joseph in the Medical Source Statement are in direct conflict with his treatment notes that reflect a normal mental status exam with the exception of some depression and anxiety (Tr. 196), that psychiatry-wise she is doing fine (Tr. 222), and that she has shown improvement with medication (Tr. 238). The Medical Source Statement opinions expressed by Dr. Joseph are not entitled to controlling weight, as they appear to be based solely

upon Ms. Gray's subjective complaints, they are inconsistent with his treatment records, and are not well supported by medically acceptable clinical and laboratory diagnostic techniques. Thus, the ALJ properly gave little weight to the opinions of Dr. Joseph (Tr. 39). Furthermore, the Court finds that the ALJ set forth ample reasons in her Decision for rejecting Dr. Joseph's opinions.

Plaintiff takes issue with the ALJ's finding that Dr. Joseph's assessment was based upon Ms. Grays' self-reported symptoms, and contends that the ALJ was required to specifically note the records to which she refers. In response to plaintiff's objection, it should be noted that this Court is allowed to look at any evidence contained in the administrative record to determine whether the ALJ's ultimate findings are supported, regardless of whether that evidence was referenced within the ALJ's decision, Walker v. Secretary, 884 F.2d 241, 245 (6th Cir. 1989). Furthermore, it is harmless error for the ALJ decision to omit discussion of pertinent evidence if the Court can determine, in light of the record as a whole, that the ALJ's decision is based upon substantial evidence, Heston v. Commissioner, 245 F.3d 528, 535-536 (6th Cir. 2001). Nonetheless, this Court's review of the records reveals numerous instances of self-reported symptoms that are not otherwise verified by objective findings. The Court therefore rejects the plaintiff's argument.

Plaintiff also objects to the ALJ's rejection of Dr. Joseph's bipolar diagnosis on the basis of the bipolar diagnostic criteria set forth in the DSM-IV. This Court is unpersuaded by this argument, primarily because the mere diagnosis of a condition "of course, says nothing about the severity of the condition." Higgs v. Secretary, 880 F.2d 860, 863 (6th Cir. 1988). Furthermore, the bipolar diagnosis itself was not identified by Dr. Joseph as providing specific limitations. In fact, Dr. Joseph's Medical Source Statement provides no specific bases for his assessments, save the handwritten notes directing the ALJ to "all eval's and med. notes already sent"(Tr. 236) and "many

days even on her medicine this client barely gets out of bed." (Tr. 237) At any rate, this Court views the ALJ's rejection of the bipolar diagnosis, not otherwise specified as reasonable, and her reliance upon the DSM-IV as, at most, harmless error. This case is distinguishable from that of <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004) as argued by plaintiff, in that in <u>Wilson</u> the ALJ gave no reason for rejecting a treating physician's disabling opinion. In sum, the ALJ's determination comports with applicable law, and is amply supported by substantial evidence of record.

The plaintiff additionally argues that the ALJ improperly speculated that the bipolar diagnosis was based upon her self-reported or subjective complaints. However, as noted above, this Court finds that the ALJ's basis for such a determination is well-founded in the record. In fact, the February 15, 2002 record diagnosing bipolar disorder, not otherwise specified states, "She reports the mood swings." (Tr. 196) Contrary to plaintiff's assertion, the ALJ did not engage in "assumption and speculation" in making her findings. Additionally, plaintiff argues that the ALJ was required to re-contact Dr. Joseph to seek additional information about the bipolar diagnosis pursuant to 20 C.F.R. §404.1512(e), 20 C.F.R. §416.912(e). However, an ALJ is not bound to re-contact a physician where there is adequate information contained in the record upon which s/he may reach a determination. Furthermore, the record does not include an ambiguity requiring further explanation, 20 C.F.R. §404.1512(e)(1).

Finally, plaintiff argues that the ALJ erred in failing to have a medical expert testify at the hearing. The Court is not persuaded by this argument, particularly in light of the opinions of the state agency psychological consultants utilized in the ALJ's determination. Furthermore, this case did not involve particularly complicated medical or psychological issues for which a medical expert or consultant would be required.

6

In sum, the ALJ properly weighed the evidence of record in this case. The ALJ set forth sufficient reasons for rejecting the treating physician's functional opinions and for adopting the residual functional capacity set forth in the findings, and substantial evidence supports those findings. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990). The Findings of Fact, Conclusions of Law, and Recommendation of the Magistrate are adopted, and the decision of the Commissioner is upheld. A Judgment in conformity with this Memorandum Opinion has this day been entered.